UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON JONES,

        Petitioner,

vs.                            Case No.  2:07-cv-448-FtM-29DNF
                                        Case No.  2:03-cr-74-FtM-29DNF

UNITED STATES OF AMERICA,

        Respondent.
_____

**OPINION AND ORDER**

     This matter comes before the Court on petitioner Jason Jones's "Administrative, Article I § 9 Cl 2, "Habeas Corpus"; or in the Alternative Title 28 U.S.C. §2254/2255, Civil Action; or in the 3rd Alternative, Forward to Office of Pardon Attorney, for Commutation of Sentence" (Doc. #1; Cr. Doc. #1),[1] filed on July 16, 2007, and construed as a Motion Under 28 U.S.C. § 2255 by Order (Doc. #7) on August 27, 2007.  The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on October 26, 2007 (Doc. #8).  Petitioner filed a Traverse (Doc. #9) on November 11, 2007.

**I.**

On June 25, 2003, a federal grand jury in Fort Myers, Florida returned a twelve-count Indictment (Cr. Doc. #39) naming petitioner

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of civil habeas case as "Doc.", and will refer to the underlying criminal case as "Cr. Doc."

Jason Jones (petitioner or Jones) and four other defendants. Petitioner was charged in Count One with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846; in Count Five with using and carrying a firearm and possession of a firearm in furtherance of a drug trafficking crime, i.e., the Count One conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A); and in Count Ten with possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5). After a jury trial, petitioner was convicted of all three counts and sentenced to a total of 211 months imprisonment. (Cr. Doc. #139.) Petitioner's convictions and sentences were affirmed in United States v. Paisley, 178 Fed. Appx. 955 (11th Cir. 2006). A petition for a writ of certiorari was denied by the United States Supreme Court on October 2, 2006. Jones v. United States, 127 S. Ct. 287 (2006). Petitioner has filed a timely motion under 28 U.S.C. § 2255 alleging claims of ineffective assistance of counsel. The factual background of the case was summarized in Paisley, 178 Fed. Appx. at 957-58.

**II.**

Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so. Massaro v. United States, 538 U.S. 500 (2003). The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered

ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

**A.**

Petitioner alleges that his trial attorney provided ineffective assistance by failing to know that under 27 C.F.R. § 72.11 "all crimes are commercial in nature." (Docs. ## 1, p. 2; 9, p. 5.) This section contains the definitions of words used in the regulations relating to personal property and carriers seized by Bureau of Alcohol, Tobacco and Firearms (BATF) officers as subject

to forfeiture under federal laws. 27 C.F.R. § 72.11. Section 72.11 does not state that all crimes are commercial in nature, and in any event this section has no relevance to the criminal prosecution of petitioner. Assuming defense counsel did not know of this section, there would still be no ineffective assistance of counsel because there would be neither deficient performance nor prejudice to petitioner.

**B.**

Petitioner alleges that his trial attorney provided ineffective assistance by failing to know that the BATF undercover officer was acting without authority to enforce drug offenses under 21 U.S.C. § 801 et. seq. and had not been cross-designated by the Attorney General to do so under 21 U.S.C. § 878. (Doc. #1, p. 2.) The Court finds no merit to this position.

As set forth in the Complaint (Cr. Doc. #1), the BATF received information concerning armed home invasions and designed a "reverse sting" in which defendants would participate in a home invasion of a narcotics "stash" house orchestrated by a disgruntled drug courier. The disgruntled drug courier was an undercover Special Agent of the BATF. The resulting Indictment (Cr. Doc. #39) contained one drug conspiracy count and eleven firearm violation counts.

Under 18 U.S.C. § 3051(a), enacted on November 25, 2002, prior to the activities charged in the Indictment, special agents of the BATF has the authority to "make arrests without warrant for any

offense against the United States committed in their presence, or for any felony cognizable under the laws of the United States if they have reasonable grounds to believe that the person to be arrested has committed or is committing such felony." Petitioner was arrested on probable cause and charged in a Complaint (Cr. Doc. #1) with offenses committed in the officers' presence and felonies cognizable under the laws of the United States. There was no legal basis to challenge the authority of the BATF special agents to conduct the investigation and make the arrests, and therefore counsel did not provide ineffective assistance by failing to raise the issue of the BATF special agent's authority.

### C.

Petitioner alleges that his trial attorney provided ineffective assistance by failing to inform petitioner of his right to contest personal jurisdiction before entering a plea of not guilty and failing to challenge personal jurisdiction. (Docs. ## 1, p. 2; 9, pp. 4-5.) The Court finds otherwise.

Petitioner was arrested without a warrant based on probable cause. A Criminal Complaint (Cr. Doc. #1) was filed charging him with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 and with using and carrying a firearm and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Petitioner had his initial appearance before a magistrate judge (Cr. Doc. #7), was ordered detained without bail (Cr. Doc. #36),

was named in an Indictment (Cr. Doc. #39), and was arraigned before a magistrate judge (Cr. Doc. #46). "A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law." United States v. Rendon, 354 F.3d 1320, 1326 (11th Cir. 2003)(collecting cases). The Indictment (Cr. Doc. #39) charged petitioner with three violations of federal law, and therefore the district court had personal jurisdiction over petitioner. Petitioner's presence before the Court was obtained lawfully, but even if it had not been there is no basis to challenge the jurisdiction of the court over his person. United States v. Alvarez-Machain, 504 U.S. 655 (1992); United States v. Arbane, 446 F.3d 1223, 1225 (11th Cir. 2006). Accordingly, there was no ineffective assistance of counsel in failing to advise petitioner that he could contest personal jurisdiction or failing to make such a challenge because there was no basis for such a challenge.

**D.**

Petitioner alleges that his trial attorney provided ineffective assistance by failing to contest the subject matter jurisdiction of the court because it was a reverse sting conducted by an unauthorized BATF agent acting outside the scope of his authority. (Doc. #1, p. 2; Doc. #9, pp. 1-3). Reading the motion liberally, the Court also construes it as a challenge to the subject matter jurisdiction of the district court.

Subject matter jurisdictional matters can always be raised by some vehicle. United States v. Cotton, 535 U.S. 625, 630 (2002)(because jurisdiction means the court's statutory or constitutional power to adjudicate a case, "defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court."); United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002)(jurisdictional error "can never be waived by parties to litigation."); Harris v. United States, 149 F.3d 1304, 1308 (11th Cir. 1998)(jurisdictional defects cannot be procedurally defaulted). Subject-matter jurisdiction defines the court's authority to hear a given type of case. Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000), cert. denied, 531 U.S. 929 (2000)(quoting United States v. Morton, 467 U.S. 822, 828 (1984)). The Constitution of the United States gives Congress the power to create inferior federal courts and determine their jurisdiction. U.S. CONST. art. III, § 1. Congress has conferred original jurisdiction of "all offenses against the laws of the United States" to the federal district courts. 18 U.S.C. § 3231. Additionally, Congress has created district courts in each state, including the State of Florida. It has further divided the state into three judicial districts and provided that Lee County, Florida will be in the Middle District of Florida and that court shall be held inter alia in Fort Myers. 28 U.S.C. § 89.

The three counts in petitioner's Indictment include one drug offense that is against the laws of the United States, 21 U.S.C. §§

841(a)(1), 846, and two firearms offenses which are against the laws of the United States, 18 U.S.C. §§ 922(g) and 924(c). Therefore, the district court had subject matter jurisdiction. Additionally, for the reasons set forth above, the BATF special agent was not acting without authority. Consequently, petitioner's subject-matter jurisdiction challenge is without merit, as is his claim of ineffective assistance of counsel.

**E.**

Petitioner alleges that his trial attorney provided ineffective assistance by failing to investigate the legislative history of the Sentencing Reform Act of 1984 and the then-mandatory Sentencing Guidelines. If this had been done, petitioner argues, counsel would have determined that the Sentencing Reform Act of 1984 and the Sentencing Guidelines were unconstitutional because they impermissibly created new and permanent laws through an appropriations act and constitute a bill of attainder. (Docs. ## 1, p. 3; 1-2, pp. 1-17; 9, p. 6.)

The United States Supreme Court upheld the constitutionality of the Sentencing Guidelines in <u>Mistretta v. United States</u>, 488 U.S. 361 (1989). When the Supreme Court found the Sentencing Guidelines unconstitutional in <u>United States v. Booker</u>, 543 U.S. 220 (2005), it did not rely on any of the type of arguments now proffered by petitioner. Petitioner's basic position that Congress cannot create substantive law in an appropriations statute is incorrect. <u>Robertson v. Seattle Audubon Soc'y</u>, 503 U.S. 429

(1992)("Congress nonetheless may amend substantive law in an appropriations statute, as long as it does so clearly."); Donaldson v. Coastal Marine Contr. Corp. Ins. Co. of N. Am., 116 F.3d 1449, 1450 (11th Cir. 1997). Further, the Eleventh Circuit has summarily rejected the argument that the Sentencing Guidelines violated the prohibition against bills of attainder. United States v. Frazier, 89 F.3d 1501, 1503 n.1 (11th Cir. 1996). Counsel did not provide ineffective assistance in failing to argue the Sentencing Guidelines were unconstitutional for these reasons.

**F.**

Petitioner alleges that his trial attorney provided ineffective assistance by failing to address the fact that the Assistant U.S. Attorney (AUSA) assigned to the case violated his oath and duty of candor to the court by permitting the action to be brought before the court in the complete absence of jurisdiction. (Doc. #1, p. 3.) For the reasons set forth above, the district court had subject matter jurisdiction of the case and personal jurisdiction of petitioner. Accordingly, there was no ineffective assistance of counsel in failing to argue to the contrary.

**G.**

Petitioner alleges that his trial attorney provided ineffective assistance by allowing fake and imaginary drugs, being proffered by an unauthorized agent, to trigger a base offense level of any kind. (Doc. #1, p. 3.) Defense counsel raised the issue in

the district court and on appeal, and the Eleventh Circuit rejected petitioner's argument. Paisley, 178 Fed. Appx. at 964. There was no ineffective assistance of counsel.

Accordingly, it is now

**ORDERED**:

1. Petitioner's Motion Under 28 U.S.C. § 2255 (Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk shall place of copy of the civil Judgment in the criminal file.

3. Petitioner's Informative Motion (Doc. #222) in the criminal file is **DENIED** as **moot.**

4. Petitioner's "Administrative, Article I § 9 Cl 2, "Habeas Corpus"; or in the Alternative Title 28 U.S.C. §2254/2255, Civil Action; or in the 3rd Alternative, Forward to Office of Pardon Attorney, for Commutation of Sentence" (Doc. #226) in the criminal file is **DENIED** as a duplicate of the prior filing construed as a Motion Under 28 U.S.C. § 2255.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of July, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA Michelland
Jason Jones